IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VINCENT LEE BAKER,<br>    Petitioner, | §<br>§<br>§ | |
| v. | § | Civil Action No. 4:09-CV-208-Y |
| | § | |
| NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | §<br>§<br>§<br>§ | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U. S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendations of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.   PARTIES**

Petitioner Vincent L. Baker, TDCJ-I.D. # 448156, is a state prisoner currently incarcerated in Iowa Park, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C.     PROCEDURAL HISTORY**

Baker is currently serving a 60-year sentence on his 1980 state court conviction for aggravated robbery in Tarrant County, Texas, and a consecutive 25-year sentence on his 1993 state court conviction for aggravated assault on a correctional officer in Anderson County, Texas. (01State Habeas R. at 43; 05State Habeas R. at 34)[1]  In this petition, Baker raises the following claims:  The parole board violated the Constitution when it (1) charged him with a crime and sentence begin date that does not exist, (2) improperly sentenced him to a 85-year prison term based on an enhanced penalty, (3) imposed a non-guideline sentence upon him, and (4) allowed him to be sentenced under a name that he was not sentenced under.  (Petition at 7-8)  Baker has filed multiple petitions for writ of habeas corpus in both state and federal court challenging his state convictions.[2]

**D.     SUCCESSIVE PETITION**

28 U.S.C. § 2244(b) requires dismissal of a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless–

    (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

---

[1] "01State Habeas R." refers to the court record in Baker's state habeas application no. WR-20,720-01; "05State Habeas R." refers to the court record in his state habeas application no. WR-20,720-05.

[2] This Court takes judicial notice, which it is entitled to do, of the court records in Civil Action Nos. 6:97-CV-99, 4:97-CV-90,A; 6:99-CV-198, 4:99-CV-334, 4:92-CV-349, 4:94-CV-445-Y, and 6:95-CV-446.

      (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3).

Baker appears to be under the misconception that he is serving an 85-year sentence on his 1980 aggravated robbery conviction, when, in fact, he is serving consecutive sentences. Nevertheless, from the face of the petition and court records, it is apparent that this is a successive petition filed without authorization from the Fifth Circuit Court of Appeals.[3] *See* 28 U.S.C. § 2244(b)(1)-(3). This Court is, therefore, without jurisdiction to consider the petition. *Id.*; *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

## II. RECOMMENDATION

It is recommended that Baker's petition be dismissed pursuant to 28 U.S.C. § 2244(b)(1).

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been

---

[3]Baker asserts he became aware of the factual predicate of his claims when the parole board sent him an inmate timeslip on December 5, 2008, in response to an inquiry from him. (Pet'r Memorandum in Support at 7) However, Baker could have discovered the factual predicate of his claims as early as April 1993 at the time of his conviction for aggravated assault of a correctional officer. The judgment of conviction specifically states that his 25-year sentence would commence when his sentence out of Tarrant County ceases to operate.

served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 10, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 10, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 20, 2009.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE